Filed 6/21/16  P. v. Spells CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EVERT SPELLS,<br><br>    Defendant and Appellant. | 2d Crim. No. B266703<br>(Super. Ct. No. NA035543)<br>(Los Angeles County) |

Evert Spells appeals an order denying his petition to recall his 1998 third strike sentence pursuant to Proposition 36 (Pen. Code, § 1170.126),[1] following his conviction for unlawful possession of a firearm by a felon (former § 12021, subd. (a)(1), now see § 29800).  Spells is ineligible for resentencing because he was armed during the commission of the offense (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii); *People v. White* (2014) 223 Cal.App.4th 512, 527).  We affirm.

BACKGROUND

Eighteen years ago, a police officer stopped Spells while he was driving a Jeep with expired registration tags.  Spells had a handgun in the Jeep that was "readily accessible, loaded and ready to fire."  (*People v. Spells* (Oct. 26, 1999, B127877)

---

[1] All statutory references are to the Penal Code.

[nonpub. opn.].)  Spells had been convicted of robbery, attempted robbery, and other felonies prior to this incident.  (*Ibid.*)

A jury convicted Spells of being a felon in possession of a firearm. (§ 12021, subd. (a)(1).)  He admitted two prior serious felony convictions within the meaning of the three strikes law and the trial court sentenced him to 25 years to life in prison.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)  We affirmed the judgment.

Following enactment of the Three Strikes Reform Act of 2012, also known as Proposition 36, Spells filed a petition to recall his sentence and to be resentenced. (§ 1170.126.)  The trial court denied the petition on the ground that Spells was ineligible for resentencing because he was armed during the commission of the offense. (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

## DISCUSSION

Spells is disqualified from resentencing because he had ready access to a firearm while committing the current offense.

A prisoner such as Spells, who is presently serving an indeterminate life sentence for a third strike offense that was not serious or violent, may petition under Proposition 36 to have his sentence recalled and to be resentenced as if he had just one prior serious or violent felony conviction.  (§ 1170.126, subds. (b) & (f).)  An eligible prisoner must be granted relief under Proposition 36 unless resentencing would pose an unreasonable risk of danger to public safety.  (§ 1170.126, subd. (f).)

A prisoner is ineligible for relief under Proposition 36 if he "was armed" with a firearm "during" the current offense.  (§§ 1170.126, subd. (e)(2) ["An inmate is eligible for resentencing if:  [¶] . . . [¶] The inmate's current offense was not imposed for any of the offenses appearing in [§ 667, subd. (e)(2)(C)(i) -(iii)] or [§ 1170.12, subd. (c)(2)(C)(i)-(iii)]," 667, subd. (e)(2)(C)(iii) ["[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person"], 1170.12, subd. (c)(2)(C)(iii) [same]; *People v. Johnson* (2015) 61 Cal.4th 674, 681.)

For purposes of Proposition 36 resentencing, a person is "armed with a firearm," if he has "ready access" to it. (*People v. White*, *supra*, 223 Cal.App.4th at p. 524; accord, *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1032; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 799.) No facilitative nexus is required. (*People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1032.)

Thus, a person who is convicted of unlawful possession of a firearm by a felon may or may not be eligible for resentencing, depending whether the firearm was available for use during the offense. (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1054; *People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1030; *People v. White*, *supra*, 223 Cal.App.4th at p. 524.)

The record of conviction supports the trial court's finding that the firearm was available for Spells's use during the commission of the present offense. A police officer testified that she found the loaded handgun between the driver's seat and center console of the Jeep, visible to the driver and "within an arm's reach." There was a round in the chamber; it was ready to shoot. When the officer stopped Spells, she saw him lean toward the right side of his seat. Spells was alone driving the Jeep.

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

3

William C. Ryan, Judge

Superior Court County of Los Angeles

_____


Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, and Noah P. Hill, Deputy Attorney General, for Plaintiff and Respondent.